UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERNEST SMITH,

        Plaintiff,

v.                                                                                          Case No. 06-C-999

ABBAS-ANGHA, et al.,

        Defendants.

## MEMORANDUM AND ORDER

    Plaintiff Smith, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at the Wisconsin Resource Center as a Chapter 980 inmate.

    Plaintiff has also filed a motion to proceed *in forma pauperis.* 28 U.S.C. § 1915. Under § 1915(e)(2), I maintain a duty to determine at the outset whether the complaint is frivolous or fails to state a claim on which relief may be granted. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

    Plaintiff's claim amounts to an allegation that he is treated the same as a typical prisoner even though he is a "patient" incarcerated under Wisconsin's Chapter 980. The particular incident the plaintiff cites involves his altercation with another inmate, which resulted in the plaintiff being strip searched and sent to segregation. He asserts that because he is a patient, any strip search

needed to be approved by a mental health professional, not just under the methods generally used in the prison context. He claims the defendants' disregard for the fact that plaintiff was a mental health inmate constitutes deliberate indifference to his mental health needs.

This complaint fails to state a claim on which relief may be granted. The plaintiff's premise that mental health professionals need to have a say in how the WRC staff maintains security is an incorrect one. Mental health professionals had input into whether the plaintiff should be incarcerated under Chapter 980 in the first place, and they continue to have a role in his ongoing treatment. But determinations about security – such as strip searches and segregation placement following a security incident – are simply not issues of "treatment." Therefore it follows that, once incarcerated, plaintiff and others like him are subject to what can be described as the general security measures taken by prisons, regardless of the fact that they might not actually be convicted inmates at this point. As the Seventh Circuit has put it:

> [D]etainees may be subjected to conditions that advance goals such as preventing escape and assuring the safety of others, even though they may not be punished. Does placement in a prison, subject to the institution's usual rules of conduct, signify punishment? The answer, given by *Bell v. Wolfish*, 441 U.S. 520 (1979), is no. *Wolfish* held that pretrial detainees, who like civil committees may be held for security reasons but not punished, may be assigned to prisons and covered by the usual institutional rules, which are designed to assure safety and security. Our plaintiff were not assigned to high-security institutions, solitary, lockdown, or otherwise onerous confinement. And one must keep in mind that they are pretrial detainees as well as civil committees: criminal charges against them are pending. *If pretrial detainees may be subjected to the ordinary conditions of confinement, as Wolfish holds, then so may persons detained before trial as sexually dangerous persons.*

*Allison v. Snyder,* 332 F.3d 1076, 1079 (7th Cir.2003) (italics added). If sexually dangerous persons detained prior to trial may be subject to general prison conditions, of course it follows that those

who have been incarcerated under Chapter 980 may as well. For these reasons, I conclude the plaintiff's complaint fails to state a claim and must be dismissed.

Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, but the complaint is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

**SO ORDERED** this   27th   day of September, 2006.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge